GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

PATRICIA M. NAPIER          3735-0
    pnapier@goodsill.com
STACY Y. MA                 10537-0
    sma@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawai‘i  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
GWR WAILEA PROPERTY LLC dba GRAND
WAILEA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| PETER A. IMBORNONE,<br>MARGARET IMBORNONE,<br><br>                    Plaintiff,<br><br>vs.<br><br>GWR WAILEA PROPERTY LLC dba<br>GRAND WAILEA, DOE<br>CORPORATIONS 1-5, DOE<br>ENTITIES 1-5, JOHN DOES 1-5,<br>JANE DOES 1-5,<br><br>                    Defendants. | CIV. NO. _____<br><br>DEFENDANT GWR WAILEA<br>PROPERTY LLC dba GRAND<br>WAILEA'S NOTICE OF<br>REMOVAL; EXHIBITS "A"-"B";<br>CERTIFICATE OF SERVICE |

6118588.3

**DEFENDANT GWR WAILEA PROPERTY LLC**
**dba GRAND WAILEA'S NOTICE OF REMOVAL**

TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF HAWAIʻI

Defendant GWR WAILEA PROPERTY LLC dba GRAND WAILEA

("Defendant Grand Wailea") hereby submits this Notice of Removal ("Notice"),

petitioning the United States District Court for the District of Hawaiʻi for removal

of the above-captioned action, Civil No. 16-1-0401(1), from the Circuit Court of

the Second Circuit, State of Hawaiʻi, pursuant to 28 U.S.C. §§ 1332 (diversity of

citizenship), 1441 and 1446, and submits a short and plain statement of the grounds

for removal, as follows:

A.    <u>Introduction</u>

    1.    On July 14, 2016, Plaintiffs PETER A. IMBORNONE and

MARGARET IMBORNONE ("Plaintiffs") filed a Complaint in the Circuit Court

of the Second Circuit, State of Hawaiʻi (Civil No. 16-1-0401(1)), against

Defendant Grand Wailea, alleging personal injuries resulting from an incident on

July 18, 2014 at Grand Wailea Resort Hotel & Spa located at 3850 Wailea Alanui

Drive, Maui, Hawaiʻi, 96753 ("Grand Wailea Resort").  Attached hereto as Exhibit

"A" is a true and correct copy of the Complaint.

2.      Plaintiff Peter Imbornone, who is identified as a podiatrist with three offices in the New York, New York area, alleges that he fell when his right foot struck the base of an umbrella and he "landed on his right side and hit his skull on the tile and concrete flooring.   He also hit his right arm, hip, and his knee, which began to bleed."  Complaint at ¶¶ 9, 15.  Plaintiff alleges he "suffered long-term and permanent injuries" and "sustained permanent and severe physical injury, emotional distress of a continuing nature, diminution of enjoyment of life, medical expenses, diminution of earning capacity and other damages…."   Complaint at ¶¶ 16, 19.  Plaintiff Margaret Imbornone alleges she suffered "the loss of marital consortium" as a result of the incident.   Complaint at ¶ 17.

B.      <u>Diversity of Citizenship</u>

3.      Based upon information and belief, Plaintiffs are citizens of New York within the meaning of 28 U.S.C. § 1332(a)(1).  *See* Complaint at ¶ 2 ("At all times relevant herein, Plaintiffs were residents of the [*sic*] New York….").

4.      Defendant Grand Wailea is a foreign limited liability company ("LLC").  Its only member is GWR Wailea, Inc., a Delaware corporation with its principal place of business in California.[1]  Defendant Grand Wailea is therefore deemed a citizen of Delaware and California for purposes of 28 U.S.C. §

---

[1] Waldorf=Astoria Management LLC is, and was on the date of Plaintiff Peter Imbornone's incident, the manager of Grand Wailea Resort and may later be named as a Defendant in this case.  Waldorf=Astoria Management LLC has only one member, Park Hotels & Resorts Inc. f/k/a Hilton Worldwide, Inc.  Park Hotels & Resorts Inc. is a Delaware corporation with its principal place of business in Virginia.

1332(a)(1).  *See Michaels v. Longs Drug Stores Cal., LLC*, No. 14-00396 ACK-KSC, 2014 U.S. Dist. LEXIS 154844, at *5 (D. Haw. Oct. 8, 2014) ("LLCs are citizens 'of every state of which its owners/members are citizens.'") (quoting *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006)).

5.     All other defendants are fictitiously named: DOE CORPORATIONS 1-5, DOE ENTITIES 1-5, JOHN DOES 1-5, JANE DOES 1-5 ("Doe Defendants").  The citizenship of Doe Defendants shall be disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441(b)(1).

C.     <u>The Amount in Controversy is Satisfied</u>

6.     Based on the allegations in the Complaint, it is facially apparent that the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts in the removal petition."  *Singer v. State Farm Mut. Aut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted).  Specifically, the Complaint alleges that Plaintiff injured his right side, skull, arm, hip and knee and sustained "long-term and permanent injuries" as well as "emotional distress of a continuing nature, diminution of enjoyment of life, medical expenses, diminution of earning capacity and other damages…."   Complaint at ¶¶ 9, 15, 16, 19.

Moreover, Plaintiff Margaret Imbornone alleges she suffered loss of marital consortium.   Complaint at ¶ 17.  As a result, Plaintiffs contend that they suffered general and special damages, plus pre- and post-judgment interests and attorneys' fees.  (Prayer for Relief at p. 5.)

       7.     Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and this action is one which may be removed to this Court by Defendant Grand Wailea pursuant to the provisions of 28 U.S.C. § 1441(a) and 1446, respectively, given that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

D.    <u>Process and Pleadings</u>

       8.     Defendant Grand Wailea's agent was served with the Complaint on November 9, 2016.  Attached hereto as Exhibit "B" is a true and correct copy of the Service Transmittal Notice.

       9.     Accordingly, this Notice is timely filed within thirty (30) days of receipt of a "motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3).

      10.     This Notice is also timely filed within one year of the commencement of the action.  *See* 28 U.S.C. § 1446(c)(1).

11.     The United States District Court for the District of Hawai'i "embrace[es] the place where [the state court] action is now pending," and therefore is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

12.     By removing this action, Defendant Grand Wailea does not waive any defenses available to it.

13.     By removing this action, Defendant Grand Wailea does not admit any of the allegations in Plaintiffs' Complaint.

14.     This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Grand Wailea prays that the above-entitled action be removed from the Circuit Court of the Second Circuit, State of Hawai'i, to the United States District Court for the District of Hawai'i, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED:  Honolulu, Hawai'i, November 18, 2016.


/s/ Patricia M. Napier
PATRICIA M. NAPIER
STACY Y. MA

Attorneys for Defendant
GWR WAILEA PROPERTY LLC dba
GRAND WAILEA