ORIGINAL

MATSON KELLEY    8129
24 N. Church Street, Suite 202
Wailuku, Hawaii 96793
Telephone: (808) 244-4994
Facsimile: (800) 948-7344

Attorney for Plaintiff
PETER A. IMBORNONE

FILED

2016 JUL 14 PM 3:18

K. MAEDA, CLERK
SECOND CIRCUIT COURT
STATE OF HAWAII

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| PETER A. IMBORNONE,<br>MARGARET IMBORNONE,<br><br>Plaintiff,<br><br>vs.<br><br>GWR WAILEA PROPERTY LLC dba<br>GRAND WAILEA, DOE CORPORATIONS<br>1-5, DOE ENTITIES 1-5, JOHN DOES 1-5,<br>JANE DOES 1-5,<br><br>Defendants. | CIVIL NO. 16-1-0401(1)<br>(OTHER NON-VEHICLE TORT)<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

Comes now Plaintiffs PETER A. IMBORNONE and MARGARET IMBORNONE (collectively "Plaintiffs"), by and through his counsel, Matson Kelley, and hereby submits the following Complaint against the above-named Defendants, and complains and alleges as follows:

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. This lawsuit seeks compensation for the serious personal injuries and financial losses suffered by Plaintiffs PETER A. IMBORNONE ("Dr. Imbornone", "Plaintiff") and MARGARET IMBORNONE ("Ms. Imbornone") as a result of Defendants' negligent maintenance of their premises.

2. At all times relevant herein, Plaintiffs were residents of the New York visiting the County of Maui, Second Judicial Circuit, State of Hawaii.

PAID
$200/65/50

EXHIBIT A

I hereby certify that this is a full, true and correct copy of the Original.

Clerk, Second Judicial Circuit

3.      At all times relevant herein, Defendant GWR WAILEA PROPERTY LLC ("Defendant GWR") was a foreign limited liability company doing business as GRAND WAILEA, a vacation resort situated in the County of Maui, Second Judicial Circuit, State of Hawai'i.

4.      Plaintiff has diligently and in good faith attempted to ascertain the names and identities of possible Defendants whose identities are presently unknown to Plaintiff. Such attempts include obtaining an applicable police report or any incident report made as a result of the occurrence complained of and contacting all presently known witnesses to the said occurrence.

Despite the foregoing, the identity of other defendants, whose conduct may have been a substantial factor or a proximate cause of Plaintiff's damages and losses, remain unknown to Plaintiff.

Plaintiff alleges, on information and belief, that directly or indirectly, the conduct of other Defendants, presently unknown to Plaintiff, was or may have been a cause of the occurrence complained of, and/or the damage or loss thereby sustained by Plaintiff, as a result of which all Defendants, unidentified and identified, may be legally, jointly, and severally liable to Plaintiff for said injuries and losses sustained inasmuch as the conduct of each Defendant may have coincided and/or concurred with that of each and every other Defendant, named or unnamed.

5.      At all times relevant herein, Defendants, or any of them, managed, controlled, and/or maintained the premises in question which caused Plaintiff's injuries.

6.      Jurisdiction of this court is sought under Hawaii Revised Statutes ("HRS") §634-35.

## FACTUAL ALLEGATIONS

7. At all relevant times, Defendants were responsible for the management, control, operation and/or maintenance of the dining area where Plaintiff fell inside the Grand Wailea Resort located at 3850 Wailea Alanui Drive, Kihei, HI ("Resort").

8. At all times relevant herein, the Resort operated a Restaurant.

9. Dr. Imbornone is a podiatrist with three offices located in the New York, NY area.

### Count I – Negligence

10. On or about the morning of Friday, July 18, 2014, Dr. Imbornone was a patron/invitee of the Resort.

11. Dr. Imbornone and his wife were being escorted by a Resort hostess to their breakfast table when Dr. Imbornone's right foot struck the base of an umbrella that had been placed on the floor of the indoor dining area, causing him to fall.

12. The umbrella base caused him to fall because it was obscured from view beneath a cloth, towel or other material.

13. A metal wheel assembly extended outward from the umbrella base at floor level.

14. A number of other umbrellas were similarly placed between tables in the walkway of the indoor dining area.

15. As Dr. Imbornone fell, he landed on his right side and hit his skull on the tile and concrete flooring. He also hit his right arm, hip, and his knee, which began to bleed. His glasses fell off of his head and broke on the floor. Dr. Imbornone remained on the floor until he was helped up by two Resort employees. When a Resort employee asked him questions about his condition, Dr. Imbornone was still in a dazed condition induced by his fall. A Resort employee gave Dr. Imbornone an ice pack for his head.

3

16. Dr. Imbornone suffered long-term and permanent injuries due to the accident at the Resort.

17. Ms. Imbornone has suffered the loss of marital consortium and is therefore entitled to an award of general and such other damages as are proved at trial against said Defendants.

18. The conduct of Defendants, or any of them, was negligent.

19. As a direct, proximate and/or legal cause of Defendants' negligence, or that of any of them, Dr. Imbornone has sustained permanent and severe physical injury, emotional distress of a continuing nature, diminution of enjoyment of life, medical expenses, diminution of earning capacity and other damages all in excess of the jurisdictional limit of this Court as well as such other damages as shall be proved at the time of trial.

20. As the result of the wrongs alleged above, and the injuries sustained by Dr. Imbornone due to those wrongs, normal family relations between Dr. Imbornone and his family have been severely impaired.

21. At all relevant times, Defendants managed, controlled, operated, and/or maintained the dining area where Plaintiff's injury occurred; Defendants were responsible for inspection, repair, upkeep, construction, design and maintaining the floor of the premises to ensure that such area was safe for patrons. The maintenance and inspection of the premises was the duty of Defendants.

22. Defendants had knowledge of and/or notice, actual or constructive, of the unreasonable and/or unsafe condition(s) created by the umbrellas on the floor, and failed to properly maintain, inspect, repair, monitor, or supervise the premises and/or warn users, including but not limited to Plaintiff, of the unsafe condition of the premises, and further failed to eliminate, alert or correct said danger and/or hazard.

4

23. Defendants were jointly responsible to eliminate and/or warn of any unreasonably dangerous and/or unsafe condition(s) in the subject premises.

24. Defendants are vicariously liable for the negligence of their employees, agents and/or authorized representatives acting within the course and scope of their employment under the doctrine of respondent superior.

25. Defendants failed to adequately protect from injury persons who could reasonably be foreseen to be at the Grand Wailea Resort.

26. The actions of the Defendants individually and in concert, as alleged herein, were negligent and subject to joint and severable liability.

27. The negligence of each Defendants was a substantial factor in causing the injuries and losses sustained by the Plaintiffs. Such injuries and losses include, but are not limited to, loss of mobility, loss of income, loss of enjoyment of life, pain and suffering and loss of consortium.

WHEREFORE, upon a trial hereof, Plaintiffs requests a judgment against Defendants, jointly and severally, for special damages and general damages as shall be proven, together with prejudgment and post-judgment interest, attorneys' fees and costs, and for such other relief as may be deemed appropriate pursuant to Rule 54 of the Hawaii Rules of Civil Procedure.

DATED: Wailuku, Maui, Hawai'i, July 14, 2016.

MATSON KELLEY
Attorney for Plaintiff
PETER A. IMBORNONE

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| PETER A. IMBORNONE, MARGARET IMBORNONE, | CIVIL NO. (OTHER NON-VEHICLE TORT) |
| Plaintiff, | |
| vs. | SUMMONS |
| GWR WAILEA PROPERTY LLC dba GRAND WAILEA, DOE CORPORATIONS 1-5, DOE ENTITIES 1-5, JOHN DOES 1-5, JANE DOES 1-5, | |
| Defendants. | |

## SUMMONS

To the Above-Named Defendants:

You are hereby summoned and required to file with the court and serve upon Plaintiff's attorney, The Law Office of Matson Kelley, whose address is 24 N. Church Street, Suite 202, Wailuku, HI 96793, an answer to the Complaint which is attached. This action must be taken within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this summons shall not be delivered between 10:00 p.m. and 6:00 a.m., on premises not open to the general public, unless a judge of the District or Circuit courts permits, in writing on the summons, personal delivery during those hours.

If you fail to obey this summons this may result in an entry of default and default judgment.

DATED: Wailuku, Maui, Hawaii         JUL 14 2016

CLERK OF THE ABOVE-ENTITLED COURT

6